UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LEIGHTON SARGENT,  )<br>    Plaintiff  )<br>  )<br>v.  )<br>  )<br>REXEL USA, INC.,  )<br>    Defendant  ) | Civil Action No. 1:20-CV-1041 |

**NOTICE OF REMOVAL OF DEFENDANT, REXEL USA, INC.**

TO THE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE:

The petition of the defendant, Rexel USA, Inc. ("Rexel"), for removal of this action from the New Hampshire Superior Court, Hillsborough County Southern District, to the United States District Court for the District of New Hampshire respectfully shows:

FIRST: That the petitioner herein is a defendant in a civil action brought against it in the New Hampshire Superior Court, Hillsborough County Superior Court, entitled "Leighton Sargent v. Rexel USA, Inc." (the "State Court Action") (See Summons, Complaint and Request for Jury Trial, in that action attached hereto.) This action was filed on or about March 13, 2020 and bears Case Number: 226-2020-CV-00191. (See id.)

SECOND: That the aforesaid action was served on Rexel on or about April 2, 2020.

THIRD: Rexel hereby reserves the right to assert any and all defenses and counterclaims. Rexel further reserves the right to amend or supplement this Notice of Removal.

{B0828147.1}

**STATUTORY REQUIREMENTS – 28 U.S.C. §§ 1332, 1441, and 1446**

FOURTH: This petition is timely filed, pursuant to 28 U.S.C. § 1446, which states, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446 (b)(1) (2011). Further, 28 U.S.C. § 1446 provides that "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b)(3). Lastly, a case may not be removed if "more than 1 year after commencement of the action" has accrued. See 28 U.S.C. § 1446 (c).

Here, it was unclear as to whether the case stated by the initial pleading (Complaint) was removable based on diversity jurisdiction because it was unclear from that pleading that the matter in controversy exceeded the sum or value of $75,000, exclusive of interest and costs. As a result, on April 28, 2020, the undersigned conferred with counsel for the plaintiff to obtain a stipulation that the plaintiff's damages are worth $75,000, or less. On May 5, 2020, counsel again conferred regarding a stipulation that the plaintiff's damages are $75,000, or less. On May 6, 2020, counsel was notified that the plaintiff had second thoughts regarding stipulating to damages as $75,000, or less. At that time, the plaintiff's initial medical records were provided. The undersigned was also notified that the plaintiff

planned to consult with a neurologist, "to rule out any other medical issues other than the post-concussive syndrome which is the current diagnosis." Counsel for the plaintiff notified the undersigned that the ongoing global pandemic (COVID-19) has frustrated this consult. The medical records provided did not appear to support that the plaintiff's damages are worth more than $75,000. On June 1, 2020, counsel again conferred and agreed to stipulate that Rexel was granted an extension by which to file its answer and/or notice of removal to July 31, 2020. The parties stated that more information was needed for Rexel to evaluate whether removal is appropriate in this case and this information was not expected until July 2020. The information needed was the neurologist's medical records and bills.

The parties filed three such stipulations until the medical records and bills were received on September 27, 2020. Further, counsel for the plaintiff stated that further treatment and diagnosis was recommended and the plaintiff had follow up appointments scheduled. (See Aff. of Counsel attached hereto at ¶12.) As a result, the medical records and bills qualify as "other paper from which it may first be ascertained that the case is one which is or has become removable," by virtue of the plaintiff's refusal to stipulate that his damages are $75,000, or less and the fact that the plaintiff continues to treat with a neurologist it has become evident that the matter in controversy is likely to exceed $75,000, exclusive of interest and costs. See 28 U.S.C. § 1446 (b)(3); see also 28 U.S.C. § 1446 (c)(3)(A) ("If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)").

Moreover, this Notice of Removal has been filed by October 27, 2020—within 30 days of September 27, 2020. See id. Additionally, not more than one year has elapsed since the plaintiff initiated suit March 13, 2020. See 28 U.S.C. § 1446 (c). Accordingly, the Notice of Removal is timely.

FIFTH: That as set forth in the Complaint, the plaintiff is an individual, Leighton Sargent, resident of the Commonwealth of Massachusetts, residing at 16 Seaver Road, Suite 6, Townsend, Massachusetts. (See Complaint ¶ 2.)

SIXTH: The defendant, Rexel, is a Delaware for-profit corporation, with a principal office address of 14951 Dallas Parkway, Dallas TX 75254.

SEVENTH: That, by reason of the above, the above-captioned action is a civil action brought in a state court of which the United States District Courts have jurisdiction under the provisions of Title 28, U.S.C. § 1332 (2011) and is one which may be removed to this Court.

EIGHTH: There is diversity of citizenship under 28 U.S.C. § 1332 (a) (2011), where the plaintiff is a resident of Massachusetts and Rexel is a Delaware for profit corporation with a principal office address of 14951 Dallas Parkway, Dallas TX 75254. Accordingly, Rexel is not a citizen of New Hampshire, the jurisdiction in which the State Court Action has been filed. As a result, because Rexel is not a citizen of New Hampshire, it may properly remove the State Court Action on the basis of diversity jurisdiction. See 28 U.S.C. § 1441 (b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

NINTH: As noted above, the amount in controversy is likely to exceed $75,000, exclusive of interest and costs, where the plaintiff will not stipulate that amount is controversy is in less than $75,000, exclusive of interest and costs and that the plaintiff continues to consult with a neurologist for further treatment and diagnosis.

### PROCEDURAL REQUIREMENTS AND LOCAL RULES

TENTH: This Court is part of the "district and division" embracing the place where the State Court Action was filed—Hillsborough County Superior Court. See 28 U.S.C. §§ 1441(a), 1446(a) (2011).

ELEVENTH: Rexel is the only named defendant. Therefore, no consent from another defendant for purposes of removing the State Court Action is required. See 28 U.S.C. § 1446(b) (2) (A) (2011).

TWELFTH: Attached as Exhibit C is a copy of all process, pleadings, and orders received by Rexel in the State Court Action. See 28 U.S.C. § 1446(a) (2011). Pursuant to Local Rule 81.1(c), certified or attested copies of all records, proceedings, and docket entries in the State Court Action will be filed within fourteen (14) days of the filing of this Notice of Removal. The appropriate filing fee has been paid to the Clerk of Court upon the filing of this Notice of Removal.

THIRTEENTH: Pursuant to Local Rule 81.1(a), a responsive pleading to the plaintiff's complaint is not required because an answer to the complaint was filed in the State Court Action. See Fed. R. Civil P. 81(c)(2)(C); see also FED. R. CIV. P. 81(c)(2).

FOURTEENTH: Pursuant to Local Rule 7.1.1(d), a corporate disclosure statement will be filed within 21 days of the Notice of Removal.

FIFTEENTH:  A Notice of Removal, pursuant to 28 U.S.C. § 1446(d)(2011), a Copy of which is attached hereto with exhibits omitted, will promptly be served upon all parties, and filed with the Clerk of the Hillsborough County Superior Court, Southern District.

SIXTEENTH: This Notice of Removal is signed pursuant to F ED.R.C IV.P. 11. See 28 U.S.C. § 1446(a)(2011).

## CONCLUSION

Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (2011), and the State Court Action may be removed.

WHEREFORE, Rexel prays that this cause proceed in this Court as an action properly removed thereto.

                RESPECTFULLY SUBMITTED,
                THE DEFENDANT,
                REXEL USA, INC.
                BY ITS ATTORNEYS,

Dated: 10/14/2020      By:      */s/ Laura D. Devine*
                Thomas J. Fay, Bar No. 15995
                tfay@boyleshaughnessy.com
                Laura D. Devine, Bar No. 265766
                ldevine@boyleshaughnessy.com
                Boyle | Shaughnessy Law, PC
                650 Elm Street, Suite 404
                Manchester, NH 03101
                (603) 668-6216
                FAX: (603) 668-6217

**CERTIFICATE OF SERVICE**

    I, the undersigned, do hereby certify that pursuant to Federal Court Rules, I have this day served a true copy of the foregoing document to all counsel of record through the court's electronic filing system.

*Counsel for Plaintiff*
Peter J. Nicosia, Esq.
Nicosia & Associates, P.C.
259 Middlesex Road
Tyngsboro, MA 01879
nicosia@nicosia-associates.com


Date: 10/14/2020         */s/ Laura D. Devine*
                                        Laura D. Devine, Bar No. 265766
                                        ldevine@boyleshaughnessy.com
                                        Boyle | Shaughnessy Law PC
                                        650 Elm Street, Suite 404
                                        Manchester, NH 03101
                                        (603) 668-6216
                                        FAX: (603) 668-6217