STATE OF NEW HAMPSHIRE

Hillsborough, ss                                    Superior Court
                                                    Docket No.
                                                    226-2020-CV-00191

Leighton Sargent,
    PLAINTIFF

v.

Rexel USA, Inc.,
    DEFENDANT

## PLAINTIFF'S VERIFIED COMPLAINT
## WITH JURY DEMAND

### PARTIES

1. "Plaintiff" Leighton Sargent is an individual residing at 16 Seaver Road, Suite 6, Townsend, Massachusetts 01469.

2. "Defendant" Rexel USA, Inc. is a registered New Hampshire foreign corporation with a principal corporate address of 14951 Dallas Parkway, Dallas, Texas 75254.

### FACTS

3. On September 20, 2018 Plaintiff was lawfully upon the property known as 283 Ashby Road, New Ipswich, New Hampshire for purposes of wiring work related to the installation of a generator for this new construction residential property.

4. The generator that I was installing was being brought to the job site by the Defendant on said day.

5. Defendant's delivery truck driver and agent Bruce Jache attached a cart to the generator while it was on the Defendant truck lift gate. Mr. Jache began to have difficulty in the process of securing the generator to the cart so that it may be removed from the truck.

6. The dolly being used by Mr. Jache that was going to transport the generator appeared to either be malfunctioning or Mr. Jache was not able to effectively operate the same. Plaintiff then went up onto the liftgate to assist Mr. Jache as Mr. Jache was unable to perform the task on his own. Mr. Jache did not refuse the assistance. During the process, the dolly arm struck Plaintiff in the head launching Plaintiff off the lift gate to

1

the ground resulting in a serious, personal injuries, including a head injury with laceration and concussion.

## COUNT ONE
### (Negligence)

7. Plaintiff restates paragraphs 1-6 verbatim as if specifically set forth at this point.

8. Defendant owed a duty to the Plaintiff, a reasonably foreseeable third party, to not cause injuries to the Plaintiff. Plaintiff was the installer of the generator. Defendant was well aware that a third party would be installing the generator and such generator would not be the Defendant.

9. Defendant's duties and obligations owed to reasonably foreseeable third persons such as the Plaintiff in this incident included: effectively training its employees; appropriately staffing deliveries of generators to construction sites with the proper number of agents to handle the delivery; providing safe and functional equipment for the deliveries of generators to construction sites; engaging in the actual safe delivery process of generators to construction sites in a method that would not result in the injury to third persons such as the Plaintiff; to not deliver the actual generator to a construction site if it were unsafe or unable to do so without injuring a reasonably foreseeable third person such as the Plaintiff; to safely and effectively secure a generator to a dolly or other delivery equipment mechanism; to not invite or allow third persons to assist in the delivery of the generator to a construction site that is not affiliated with the Defendant or at least advise and warn such third parties that it may be unsafe to do so; and, other duties of reasonable care that should be owed to a reasonably foreseeable third person such as the Plaintiff in the subject circumstances.

10. Defendant breached its duties owed to the Plaintiff as a reasonably foreseeable third person by: not effectively training its employee; not appropriately staffing deliveries of this generator to the construction site with the proper number of agents to handle the delivery; not providing safe and functional equipment for the delivery of the generator to the construction site; not engaging in the actual safe delivery process of the generator to this construction site in a method that resulted in the injury to third to the Plaintiff; delivering the actual generator to this construction site when it was unsafe or unable to do so without injuring the Plaintiff; not safely and effectively securing the generator to the dolly or other delivery equipment mechanism and not ensuring the dolly was functional; inviting and/or allowing Plaintiff to assist in the delivery of the generator to the construction site when the Plaintiff was not affiliated with the Defendant or at least advised and warned by Mr. Jache that it may be unsafe to do so; and, by breaching other duties of reasonable care that were owed to a reasonably foreseeable third person such as the Plaintiff in the subject circumstances.

11. As a direct and proximate result of the Defendant's breach of duties owed to the Plaintiff as described above, Plaintiff was injured, suffered great pain of body and mind, incurred necessary and reasonable medical expenses for medical care and attention, loss

employment income and incurred other damages in an amount within the jurisdictional limits of this Court.

12. Jurisdiction and Venue in Hillsborough County Superior Court are appropriate pursuant to NH RSA 491:7 and arising from the location of the incident within Hillsborough County.

WHEREFORE, PLAINTIFF CLAIMS DAMAGES AND DEMANDS JUDGMENT AGAINST THE DEFENDANT FOR ACTUAL DAMAGES AS DETERMINED BY THE COURT, INTEREST UPON ACTUAL DAMAGES, LITIGATION EXPENSES AND FOR SUCH FURTHER RELIEF AS THE COURT DEEMS FAIR AND EQUITABLE.

### JURY DEMAND

**PLAINTIFF DEMANDS A JURY TRIAL.**

### VERIFICATION

I Leighton Sargent, do hereby depose and state under oath that I have read this Complaint and do hereby swear that the foregoing facts and allegations are true and accurate to my best information, knowledge and belief.

Signed under the pains and penalties of perjury this the 28 day of February, 2020.

_____
Leighton Sargent, Plaintiff

Dated: February 28, 2020

RESPECTFULLY SUBMITTED,
PLAINTIFF BY HIS ATTORNEY,

_____
Peter J. Nicosia, Esquire
NH Bar #14922
Nicosia & Associates, P.C.
PO Box 721
259 Middlesex Road,
Tyngsboro, MA 01879
T: 978-649-4300
F: 978-649-9306
E: nicosia@nicosia-associates.com